UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-mj-03945-Sanchez

UNITED STATES OF AMERICA

v.

ALEXCIA PRYCE,

       **Defendant.**
_____/

## CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek M. Maynard)? No.

2. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to October 3, 2019 (Mag. Judge Jared M. Strauss)? No.

3. Did this matter involve the participation of or consultation with now Magistrate Judge Eduardo I. Sanchez during his tenure at the U.S. Attorney's Office, which concluded on January 22, 2023? No.

4. Did this matter involve the participation of or consultation wit now Magistrate Judge Marty Fulgueira Elfenbein during her tenure at the U.S. Attorney's Office, which concluded on March 5, 2024? No.

                                      Respectfully submitted,
                                      MARKENZY LAPOINTE
                                      UNITED STATES ATTORNEY

                    By:   *s/ Michael C. Mikulic*
                          Michael C. Mikulic
                          Assistant United States Attorney
                          Bar No. 125073
                          United States Attorney's Office
                          99 NE 4th Street
                          Miami, FL 33132
                          Tel. No. (786) 564-9142
                          Email: Michael.Mikulic@usdoj.gov

AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| | ) | Case No.  24-mj-03945-Sanchez |
| ALEXCIA PRYCE, | ) | |
| | ) | |
| Defendant. | ) | |

## CRIMINAL COMPLAINT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __September 12, 2024__ in the county of __Miami-Dade__ in the __Southern__ District of __Florida__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. § 952(a) | Importation of controlled substances |

This criminal complaint is based on these facts:

**SEE ATTACHED AFFIDAVIT.**

☑ Continued on the attached sheet.

_____
Complainant's signature

Johny Corea, Special Agent HSI
Printed name and title
(No. S10369)

Attested to by the Applicant in accordance with the requirements of Fed.R.Crim.P. 4.1 by __Face Time__

_____
Judge's signature

Date: September 13, 2024

City and state: __Miami, Florida__   Hon. Eduardo Sanchez, United States Magistrate Judge
Printed name and title

## AFFIDAVIT FOR CRIMINAL COMPLAINT

I, Johny Corea, being first duly sworn, do hereby depose and state the following:

### BACKGROUND

1. I am employed as a Special Agent with the United States Department of Homeland Security, Immigrations and Customs Enforcement ("ICE"), Homeland Security Investigations ("HSI"), in Miami, Florida. I have been employed as a Special Agent since January 2023. As a Special Agent, my responsibilities include conducting investigations of firearms violations, manufacturing, distributing or possession of controlled substances (21 U.S.C. § 841 (a)(1)), importation of controlled substances (21 U.S.C. § 952 (a)), smuggling of goods into the United States (18 U.S.C. 545), and related offenses.

2. I have attended the United States Homeland Security Investigations Special Agent Training ("HSISAT"), at the Federal Law Enforcement Training Center, in Glynco, Georgia. I was trained in conducting investigations related to narcotics smuggling, interdiction and distribution activities. I am currently assigned to the Border Enforcement Security Taskforce, where investigations conducted are related to violations of Titles 8, 18, 19, 21 and 31 of the United States Code.

3. I submit this Affidavit in support of a criminal Complaint charging Alexcia PRYCE with violating 21 U.S.C. § 952(a) by way of importing a controlled substance.

4. Because this Affidavit is submitted for a limited purpose, I have not included details of every aspect of this investigation. I am thoroughly familiar with the information contained in this Affidavit, either through personal investigation or discussions with other law enforcement officers who have interviewed individuals or personally have obtained information, which they in turn have reported to me.

## FACTS IN SUPPORT OF PROBABLE CAUSE

5. On September 12, 2024, Venetia HENDRICKSON and Alexcia PRYCE arrived at Miami International Airport from Saint Lucia on board American Airlines Flight number 1332. At approximately 7:00 PM, both passengers were inspected by US Customs and Border Protection ("CBP") officers.

6. HENDRICKSON presented two pieces of roller type bags for inspection, which she indicated to the CBP officer belonged to her and were packed by her. During the inspection process, after emptying all contents inside the pieces of luggage, the officer noted what seemed to be an excessive weight for empty bags. Both bags were subsequently examined with an X-ray machine, and an anomaly was observed in the liner of each bag. The bags were then punctured with a probe, which revealed a white, powdery substance. The substance was field tested, which returned positive for the presence of cocaine, a schedule II controlled substance. The liner of each bag was then cut open revealing a clear sealed plastic bag filled with white powder. The total weight of the cocaine contained inside HENDRICKSON's bags was 5.74 kilograms.

7. PRYCE presented two pieces of roller type luggage to a different CBP officer and indicated that the bags belonged to her and that she packed them herself. During the inspection process, after emptying all contents inside the pieces of luggage, the officer noted what seemed an excessive weight for empty bags. Both bags were subsequently examined with an X-ray machine, and an anomaly was observed in the liner of each bag. The bags were then punctured with a probe, which revealed a white, powdery substance. The substance was field tested, which returned positive for the presence of cocaine, a schedule II controlled substance. The liner of each bag was then cut open revealing a clear sealed plastic bag filled with white powder. The total weight of the cocaine contained inside PRYCE's bags was 5.62 Kilograms

8. On the same date, HSI Special Agents read HENDRICKSON her Miranda Rights in the English language, which she understood and waived by signing a Miranda waiver form. During the interview with the agents, which was video and audio recorded, HENDRICKSON denied any knowledge of the cocaine and indicated that the bags were given to her in Saint Lucia by a female, whom she knows by "Janice," to take to Orlando to her brother "DEE," which she does not know personally.

9. On the same date, HSI Special Agents read PRYCE her Miranda Rights in the English language, which she understood and waived by signing a Miranda waiver form. During the interview with the agents, which was video and audio recorded, PRYCE denied any knowledge of the cocaine and indicated that because the luggage that she took to Saint Lucia was damaged, she had asked "Janice," whom she had met during the trip, if "Janice" could sell her two bags of luggage for the travel back. PRYCE indicated that she paid "Janice" $100.00 for the two bags and proceeded to place her belongings inside the bags.

**[SPACE INTENTIONALLY LEFT BLANK]**

## CONCLUSION

10. Based upon my training, experience, and facts concerning this investigation, I respectfully believe that there is sufficient probable cause to believe that PRYCE violated Title 21, United States Code, Section 952(a), for importation of a controlled substance into the United States.

**FURTHER AFFIANT SAYETH NAUGHT.**

JOHNY COREA
SPECIAL AGENT
HOMELAND SECURITY INVESTIGATIONS

Attested to by the applicant in accordance with the requirements of Fed.R.Crim.P. 4.1 by Face Time this __13th__ day of September 2024.

HONORABLE EDUARDO I. SANCHEZ
UNITED STATES MAGISTRATE JUDGE